Dr. Patricia SCHLOESSER, Plaintiff,

v.

The KANSAS DEPARTMENT OF HEALTH AND ENVIRONMENT and Stanley C. Grant, Defendants.

Civ. A. No. 90–2029–V.

United States District Court,
D. Kansas.

June 4, 1991.

rage and fraud.

---

**3.** The court notes that plaintiff has abandoned his state law claims based on the torts of out-

J. Mark Baird, Watson, Ess, Marshall & Enggas, Kansas City, Mo., Thomas E. Ruzicka, Watson, Ess, Marshall & Enggas, Olathe, Kan., for plaintiff.

Carl A. Gallagher, Attorney General's Office, David M. Traster, David D. Plinsky, Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This case comes before the court on defendants' Motion for Partial Summary Judgment (Doc. 63) and defendants' Motion for Summary Judgment (Doc. 92). Fed.R. Civ.P. 56(b). Both motions are now at issue. Taken as one, the motions are granted in part and denied in part.

Plaintiff, Dr. Patricia Schloesser, brought this employment discrimination action, claiming that, by demoting her and then terminating her employment, defendants, the Kansas Department of Health and Environment (KDHE) and Stanley C. Grant, had unlawfully discriminated against her on the basis of her sex, age, and handicap (cancer), and that they had unlawfully retaliated against her, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq.*, the Civil Rights Act of 1871, 42 U.S.C. § 1983, and the Kansas Act Against Discrimination (KAAD), K.S.A. 44–1001 *et seq.* Defendants now contend, in the instant motions, that they are entitled to summary judgment on all of plaintiff's claims and that this case should be dismissed accordingly.

### I. SUMMARY JUDGMENT STANDARDS

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be discharged by "showing," that is, pointing out to the district court, that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the moving party has properly supported its motion for summary judgment, "a party opposing ... may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.*

### II. FACTUAL BACKGROUND

The pertinent uncontroverted facts, as established by the parties in accordance with D.Kan. Rule 206(c), appear as follows:

Plaintiff is a sixty-seven-year-old woman. She was employed by the KDHE in a number of capacities from 1952 to 1971 and from 1974 to 1989. The KDHE is a cabinet-level agency of the State of Kansas. It is administered by a Secretary who is appointed by, and serves at the pleasure of, the Governor of Kansas. At the relevant times involved herein, defendant Grant was Secretary of the KDHE.

On June 18, 1987, Governor Mike Hayden appointed defendant Grant as Secretary of the KDHE. Governor Hayden specifically charged defendant Grant with "turning the agency around" in its management and direction. At the time that defendant Grant was appointed, the KDHE was organized into two major divisions: The Division of Health and the Division of the Environment. Each division was composed of a number of different bureaus.

On August 18, 1987, after making various inquiries and assessing the KDHE's needs, Secretary Grant appointed plaintiff as Director of the Division of Health and James Power, a sixty-year-old man, as Director of the Division of the Environment.

Defendant Grant expected the directors to take charge of their respective divisions, to exhibit skill in handling the various bureaus, and to provide support for each bureau. Defendant Grant also expected the directors to follow the agency's agenda and be "team players" for the KDHE. Plaintiff was aware of defendant Grant's expectations when she accepted the appointment.

Initially, the working relationship between plaintiff and defendant Grant was cordial and positive. However, after a period of time, defendant Grant became dissatisfied with plaintiff. Eventually, defendant Grant decided to replace plaintiff as Director of the Division of Health. On April 29, 1988, defendant Grant informed plaintiff that she was being removed from her position because she had exercised her own agenda and was not a "team player" for the KDHE. Defendant Grant proposed a follow-up meeting to discuss her removal.

On May 2, 1988, plaintiff and her attorney met with defendant Grant to discuss the particularities of her removal. During the meeting, plaintiff's attorney warned defendant Grant that it was illegal to "fire" a person on account of their age or sex. Defendant Grant assured plaintiff and her attorney that plaintiff's age and sex were not the reasons for his decision to replace her. He also informed plaintiff that he was not discharging her, but was merely demoting her to fill a newly created position, that of liaison officer between the KDHE and the federal government. Based on defendant Grant's representations, plaintiff accepted the demotion and the new position. Plaintiff did not file charges of discrimination against defendants at that time.

In July, 1988, plaintiff was diagnosed as having breast cancer. The KDHE allowed plaintiff to adjust her schedule to accommodate her treatments. It is not disputed that, during her illness, plaintiff continued to work full-time and maintained her previous levels of performance.

On October 11, 1988, Governor Hayden announced the appointment of Scott Morgan as Director of the Office of Federal Affairs (OFA). It was the responsibility of the OFA to act as liaison between all Kansas state agencies and the federal government. Morgan issued a directive requesting all state agencies, including the KDHE, to coordinate their contacts with the federal government through the OFA.

In early 1989, defendant Grant decided to eliminate plaintiff's KDHE liaison position. On June 17, 1989, defendant Grant informed plaintiff that he was eliminating her position because it duplicated the efforts of the OFA. Defendant Grant did not offer plaintiff another position within the KDHE. Consequently, plaintiff's employment with the KDHE ended. On June 29, 1989, plaintiff filed charges of discrimination against the KDHE and defendant Grant with the Equal Employment Opportunity Commission (EEOC). On January 25, 1990, within ninety days of receiving notice of the right to sue, plaintiff filed the present action.

### III. DISCUSSION

In the instant motions, defendants contend that they are entitled to summary judgment in this case on a number of grounds. For ease of discussion, we have divided defendants' contentions into three sections, as outlined below. *First*, defendant Grant contends that, because he has only been sued in his official capacity, the Eleventh Amendment bars plaintiff from suing him under both 42 U.S.C. § 1983 and the KAAD. He also argues that he is not amenable to suit under the ADEA. *Second*, the KDHE contends that the Eleventh Amendment prohibits plaintiff from bringing suit against it under the ADEA. *Third*, defendants contend that they are entitled to summary judgment regarding plaintiff's specific Title VII and ADEA claims, which we may enumerate as: (1) the May 2, 1988, demotion, (2) the June 17, 1989, termination, and (3) plaintiff's retaliation claims. We shall discuss each section separately.

### A. Defendant Grant's Contentions

#### 1. The 42 U.S.C. § 1983 Claims

Plaintiff claims that by demoting her and terminating her employment defen-

dant Grant deprived her of her constitutional rights to due process and equal protection of the laws in violation of 42 U.S.C. § 1983. Defendant Grant contends that the court should dismiss plaintiff's section 1983 claims because the pretrial order discloses that he has only been sued in his official capacity. On that ground, he contends that plaintiff's section 1983 claims are barred by the Eleventh Amendment. We agree with defendant Grant's contention.

The pretrial order of a case controls the course of the case and measures its dimensions. *American Home Assur. Co. v. Cessna Aircraft Co.*, 551 F.2d 804, 806 (10th Cir.1977); Fed.R.Civ.P. 16(e); D.Kan. Rule 213(c). Once a pretrial order has been entered in a case, it supersedes the pleadings and becomes the governing pattern of the suit. *Hernandez v. Alexander*, 671 F.2d 402, 407 (10th Cir.1982). Claims contained only in the pleadings, but not in the pretrial order, are not properly presented to the court. *Id.; Stafos v. Missouri P.R. Co.*, 367 F.2d 314, 319 (10th Cir.1966).

On January 7, 1991, a pretrial order was entered in this case (Doc. 82). Construing the pretrial order liberally we are unable to conclude that plaintiff has alleged that defendant Grant performed any of the complained of acts in his individual capacity. Therefore, we are constrained to conclude that defendant Grant has only been sued in his official capacity as Secretary of the KDHE. Because a state official acting in his official capacity is not amenable to suit under section 1983, *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989), defendant Grant is entitled to summary judgment on plaintiff's section 1983 claims.

### 2. The KAAD Claim

■ In this case, plaintiff also asserts a pendent state law claim against defendant Grant, alleging that he eliminated her position and refused to offer her a new job with the KDHE because of her handicap (cancer) in violation of the Kansas Act Against Discrimination (KAAD), K.S.A. 44–1001 *et seq.* In his motion, defendant Grant contends that he is not amenable to suit under the KAAD. We agree that plaintiff cannot sue defendant Grant under the KAAD in this case.

As stated above, defendant Grant has only been sued in his official capacity as Secretary of the KDHE. A suit against a state official in his official capacity is not a suit against the official but rather a suit against the official's office. *Brandon v. Holt*, 469 U.S. 464, 471, 105 S.Ct. 873, 877, 83 L.Ed.2d 878 (1985). As such it is no different from a suit against the state. *See Kentucky v. Graham*, 473 U.S. 159, 165–66, 105 S.Ct. 3099, 3104–05, 87 L.Ed.2d 114 (1985); *Will*, 491 U.S. at 71, 109 S.Ct. at 2311. The Eleventh Amendment prohibits a party from bringing a pendent state claim against a state in federal court. *Pennhurst State School & Hospital v. Halderman (Pennhurst II)*, 465 U.S. 89, 119–21, 104 S.Ct. 900, 918–19, 79 L.Ed.2d 67 (1984). It thus follows that the Eleventh Amendment also prohibits a party from bringing a pendent state claim in federal court against a state official acting in his official capacity. *Id.; Will*, 491 U.S. at 71, 109 S.Ct. at 2311. Accordingly, we conclude that defendant Grant is entitled to summary judgment on plaintiff's KAAD claims.

### 3. The ADEA Claims

■ Plaintiff also claims that defendant Grant demoted her and terminated her employment because of her age and retaliated against her in violation of the ADEA. Defendant Grant contends that he is not an "employer" as defined by the ADEA, and is not amenable to suit under the ADEA. Judges in this district have considered this issue and have held that state officials are not "employers," as defined by the ADEA, and are thus not proper parties in an action brought under the ADEA. *See Young v. Sedgwick County*, 660 F.Supp. 918, 921 (D.Kan.1987); *also, Ditch v. Board of County Commissioners*, 650 F.Supp. 1245, 1251 (D.Kan.1986). In accordance with those decisions, defendant Grant is entitled to summary judgment on plaintiff's ADEA claims.

## B. The KDHE and the ADEA

■ As stated above, plaintiff claims that she was discriminated against because of her age and retaliated against in violation of the ADEA. The KDHE, as a state agency, contends that the Eleventh Amendment prohibits plaintiff from bringing suit against it under the ADEA in federal court. In response, plaintiff argues that, because the ADEA was enacted pursuant to Congress' powers under section five of the Fourteenth Amendment, her claim is not barred by application of the Eleventh Amendment. We agree with plaintiff's contention.

The Eleventh Amendment bars private suits against the states and state agencies "seeking to impose liability which must be paid from public funds in the treasury." *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 1356, 39 L.Ed.2d 662 (1974). However, Eleventh Amendment immunity may be abrogated where Congress indicates an "unequivocal expression of congressional intent" to do so and authorizes such suits pursuant to section five of the Fourteenth Amendment. *Pennhurst II*, 465 U.S. at 99, 104 S.Ct. at 907; *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456, 96 S.Ct. 2666, 2671, 49 L.Ed.2d 614 (1976). Thus, the issue at bar presents two questions: (1) was the ADEA enacted pursuant to section five of the Fourteenth Amendment and (2) if so, did Congress intend that the ADEA abrogate the Eleventh Amendment sovereign immunity?

Although both the Supreme Court and the Tenth Circuit have declined to rule on the first issue, *see EEOC v. Wyoming*, 460 U.S. 226, 243, 103 S.Ct. 1054, 1064, 75 L.Ed.2d 18 (1983) (because the Court found that the ADEA was a "valid exercise of Congress' powers under the Commerce Clause," it did not reach the issue whether the ADEA could also have been validly enacted pursuant to section five of the Fourteenth Amendment) and *EEOC v. Wyoming Retirement System*, 771 F.2d 1425, 1428 (10th Cir.1985), we conclude that the ADEA, as amended, was enacted pursuant to Congress' powers under section five of the Fourteenth Amendment. The majority of courts which have answered the question have likewise found that the ADEA and its amendment (extending its reach to encompass employees of state and local governments) were enacted pursuant to the Fourteenth Amendment. We agree with the majority of the courts and are persuaded by their reasoning. *See, e.g., Heiar v. Crawford County, Wis.*, 746 F.2d 1190, 1194 (7th Cir.1984); *Ramirez v. Puerto Rico Fire Service*, 715 F.2d 694, 700 (1st Cir.1983). *Arritt v. Grisell*, 567 F.2d 1267, 1271 (4th Cir.1977); *EEOC v. Bd. of Governors of State Colleges and Universities*, 706 F.Supp. 1377, 1381 (N.D.Ill.1989); *but, cf., Black v. Goodman*, 736 F.Supp. 1042, 1045 (D.Mont.1990).

We also conclude that Congress has made it clear that the states are to be liable for violating the ADEA. The ADEA defines "employer" (the class of potential defendants in age discrimination cases) to include "a State or political subdivision of a State or a political subdivision of a state." 29 U.S.C. § 630(b). An "employer" who violates the ADEA is liable for legal and equitable relief. 29 U.S.C. § 626(b) and (c). Unless Congress had said in so many words that it intended to abrogate the states' Eleventh Amendment immunity in age discrimination cases—and that degree of explicitness is not required, *see, Fullilove v. Klutznick*, 448 U.S. 448, 476–78, 100 S.Ct. 2758, 2773–75, 65 L.Ed.2d 902 (1980)—it could not have made its intention to override the Eleventh Amendment clearer. *See, Davidson v. Bd. of Governors of State Colleges & Universities*, 920 F.2d 441, 443 (7th Cir.1990).

We hold that the ADEA's express authorization for the maintenance of suits against state employers comprises adequate evidence to demonstrate congressional intent that the states' Eleventh Amendment immunity be abrogated in age discrimination suits. The KDHE's motion for summary judgment on plaintiff's ADEA claims, on this ground, is thus denied.

## C. The May 2, 1988, Demotion, the June 14, 1989, Termination and Plaintiff's Claims for Retaliation

As noted above, plaintiff's claims of sex and age discrimination involve two specific

incidents, the May 2, 1988, demotion and the June 17, 1989, termination. Plaintiff also claims that she was unlawfully retaliated against for engaging in protected activity in violation of Title VII and the ADEA. Defendants contend that they are entitled to summary judgment on plaintiff's claims involving the specific incidents and plaintiff's retaliation claims.

### 1. The May 2, 1988, Demotion

Plaintiff claims that she was demoted from the position of Director of the Division of Health because of her sex and age in violation of Title VII and the ADEA. Defendants contend that they are entitled to summary judgment with regard to plaintiff's demotion claims on two grounds. Defendants first contend that the plaintiff's claims regarding her demotion is barred by the 300 day statute of limitations found at 42 U.S.C. § 2000e–5(e) (Title VII) and 29 U.S.C. § 626(d) (ADEA). Defendants also contend that plaintiff cannot satisfy her burdens of production under the framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). We reject defendants' contentions.

### a. Timeliness of the Charge

In this case it is not disputed that plaintiff filed a charge of discrimination with the EEOC 367 days after her demotion. This is outside the periods of limitations of both Title VII and the ADEA. 42 U.S.C. § 2000e–5(e); 29 U.S.C. § 626(d). However, the time limits for filing charges with the EEOC are subject to equitable tolling. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982); *Dartt v. Shell Oil Co.,* 539 F.2d 1256 (10th Cir.1976). Appropriate grounds for equitable tolling include those instances where a party is "actively misled" and "lulled into inaction" by the conduct of his or her employer. *See, Martinez v. Orr,* 738 F.2d 1107, 1110 (10th Cir.1984). From a review of the record in this case, we conclude that a question of fact exists concerning whether defendant Grant actively misled plaintiff and lulled plaintiff into inaction during the May 2, 1988, meeting. At trial, plaintiff must prove by a preponderance of the evidence that defendant Grant "actively misled" her and lulled her into inaction by his conduct at the May 2, 1988, meeting or her claims regarding her demotion will be dismissed.

### b. Plaintiff's Burdens of Production

Defendants also contend that plaintiff cannot satisfy her burdens of production as required by the *McDonnell Douglas* framework to prove a case of intentional discrimination under either her Title VII claim or ADEA claim regarding the May 2, 1988, demotion. This contention is also rejected.

The allocation, burden and order of proof in Title VII and ADEA cases are nearly identical. In both instances plaintiff must initially establish a *prima facie* case of discrimination. To establish a *prima facie* case of discrimination under Title VII, plaintiff must show: (1) that she is a member of a protected class; (2) that she was doing satisfactory work; (3) that she was either demoted or discharged; and (4) that her position was filled by someone outside the protected group. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). To establish a *prima facie* case of discrimination under the ADEA, plaintiff must show: (1) that she is a member of the protected class; (2) that she was doing satisfactory work; (3) that she was demoted or discharged despite the adequacy of her work; and (4) that the position was filled by a younger employee. *Merrick v. Northern Natural Gas Co.,* 911 F.2d 426, 429 (10th Cir.1990); *EEOC v. Sperry Corp.,* 852 F.2d 503, 507 (10th Cir.1988).

If plaintiff establishes a *prima facie* case, the burden shifts to defendants to articulate a legitimate nondiscriminatory reason for the employment decision. *Burdine,* 450 U.S. at 254, 101 S.Ct. at 1094; *Merrick,* 911 F.2d at 431. If defendants articulate a nondiscriminatory reason for the employment decision, plaintiff has the

opportunity to show that the stated reason is merely a pretext for prohibited discrimination. *Burdine*, 450 U.S. at 254, 101 S.Ct. at 1094; *Merrick*, 911 F.2d at 431. Despite the shifting burdens of production in the framework, the ultimate burden of persuasion of proving intentional discrimination resides at all times with plaintiff. *Burdine*, 450 U.S. at 254, 101 S.Ct. at 1094.

We conclude from the record, applying the above-outlined framework, that for the purposes of the motions under consideration plaintiff has established a *prima facie* case of discrimination under both Title VII and the ADEA. The record also discloses that defendants have articulated a legitimate nondiscriminatory reason for the demotion. We conclude that a question of fact concerning whether or not defendants' articulated reason is pretext exists for the triers of fact in this case. Accordingly, defendants' motion for summary judgment on plaintiff's May 2, 1988, demotion claims under Title VII and the ADEA is denied.

### 2. The June 17, 1989, Termination

■ In this case plaintiff also claims that her liaison position with the KDHE was eliminated and that she was thus terminated on account of her sex and age in violation of Title VII and the ADEA. Defendants contend that, under the *McDonnell Douglas* framework, plaintiff cannot satisfy her burdens of production with respect to these claims. We conclude that for the purposes of the motions at hand that plaintiff has established a *prima facie* case of sex and age discrimination with respect to the June 17, 1989, termination. We also conclude that defendant has stated a legitimate nondiscriminatory reason for the elimination of plaintiff's position. Finally, we conclude that a question of fact exists for the triers of fact in this case concerning whether defendant's articulated reason for its decision to eliminate plaintiff's position was merely pretext for discrimination. Defendants' motion for summary judgment concerning plaintiff's June 17, 1989, termination claims under Title VII and the ADEA is therefore denied.

### 3. Retaliation

■ Plaintiff also claims that defendants eliminated her position and refused to offer her another job, thus terminating her employment, in retaliation for having engaged an attorney in connection with her demotion. Defendants contend that plaintiff cannot establish a *prima facie* case of retaliation because plaintiff cannot establish a causal nexus between her protected activity and the elimination of her position. We reject defendants' contention.

To establish a *prima facie* case of retaliation, plaintiff must show: (1) that she engaged in protected opposition to Title VII discrimination or participated in a Title VII proceeding; (2) that she was disadvantaged by an action of her employer subsequent to or contemporaneously with such opposition or participation; and (3) that there is a causal connection between the protected activity and the adverse employment action. *Burrus v. United Tel. Co.*, 683 F.2d 339, 343 (10th Cir.1982). An identical test is used in cases of retaliatory discharge under the ADEA. *See Hollander v. American Cyanamid Co.*, 895 F.2d 80, 85 (2d Cir.1990). The allocation, burden and order of proof after establishment of the *prima facie* case is the same as outlined in *Burdine*, 450 U.S. at 254, 101 S.Ct. at 1094 and *Merrick*, 911 F.2d at 431, as noted above.

We conclude that plaintiff can establish a *prima facie* case of retaliation. In May, 1988, plaintiff and her attorney confronted defendant Grant regarding her demotion. At the meeting, plaintiff's attorney raised the issue of prohibited sex or age discrimination and plaintiff spoke out against what she perceived to be discrimination. In June, 1989, plaintiff's newly created position was eliminated. From the record we cannot conclude as a matter of law that the action of the KDHE is so remote from plaintiff's expressed opposition to discrimination as to negate a causal connection between the two actions. A factual issue remains for trial as to the causal connection between the two actions. A question of fact would also exist as to whether defendants' stated reason for the adverse employment decision is mere pretext for

 

prohibited discrimination. On these grounds, defendants' motion for summary judgment on plaintiff's retaliation claims is denied.

## IV. CONCLUSION

Plaintiff's section 1983, KAAD, and ADEA claims against defendant Grant are dismissed. Questions of fact preclude dismissal of the remainder of plaintiff's claims, which are: plaintiff's ADEA claims against the KDHE for age discrimination and retaliation; and plaintiff's Title VII claims against the KDHE and defendant Grant, in his official capacity, for sex discrimination and retaliation.

IT IS, THEREFORE, BY THE COURT ORDERED that defendants' motions for summary judgment (Docs. 92 and 63) are granted in part and denied in part. Plaintiff's claims under section 1983, the KAAD, and the ADEA against defendant Grant are dismissed. Plaintiff's ADEA claims against the KDHE and plaintiff's Title VII claims against both defendants remain to be tried.

IT IS SO ORDERED.