**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**
Plaintiff,

v.

**GENERAL ELECTRIC COMPANY,**
Defendant.

Civ. A. No. 89–2498–S.

United States District Court,
D. Kansas.

Sept. 18, 1991.

James R. Neely, Jr., Donna L. Harper, E.E.O.C., St. Louis District Office, St. Louis, Mo., Phillip B. Sklover, Charles A. Shanor, E.E.O.C., Washington, D.C., Robert S. Royal, E.E.O.C., St. Louis District Office, St. Louis, Mo., for plaintiff.

David J. Waxse, Shook, Hardy & Bacon, Overland Park, Kan., Edwin S. Hopson, Wyatt, Tarrant & Combs, Louisville, Ky., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant General Electric Company's ("General Electric") motion for summary judgment.

The Equal Employment Opportunity Commission ("EEOC") brought this action on behalf of JoAnn McGinnis ("McGinnis") alleging a violation of the Age Discrimination in Employment Act, 29 U.S.C. § 626(b), for failure to hire McGinnis for another job within the company. In addition, the EEOC alleges the violation was willful. General Electric contends there is no evidence of age discrimination and it is entitled to judgment as a matter of law. For the reasons set forth below, the court will deny the motion for summary judgment.

A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact. This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. *United States v. O'Block*, 788 F.2d 1433, 1435 (10th Cir.1986). The court must also consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves*, 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied*, 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985).

■ In addition, because employment discrimination claims generally turn on questions of motivation and intent, summary judgment is rarely appropriate. *Thornbrough v. Columbus and Greenville R. Co.*, 760 F.2d 633, 640–41 (5th Cir.1985). "Often, motivation and intent can only be proved through circumstantial evidence; determinations regarding motivation and intent depend on complicated inferences from the evidence and are therefore peculiarly within the province of the factfinder." 760 F.2d at 641.

The court finds the following facts are undisputed unless otherwise noted. In June 1987, JoAnn McGinnis, an employee of General Electric, applied for the position of customer care clerk in the Kansas City Major Appliance Business Group ("MABG"). At that time, McGinnis worked for the Capital Consumer Electronics Business Organization ("CEBO") which was formed by General Electric in 1985. McGinnis had held several positions with General Electric, beginning in 1977 when she was hired. At one time McGinnis worked as a customer care clerk in the MABG, but when CEBO was formed, McGinnis made a lateral move to that division as an authorized service representative in January 1985. Michele Seeling ("Seeling") also worked in this position, and, in fact, McGinnis trained Seeling. Seeling had just been hired by General Electric at that time.

Late in 1985, McGinnis left the authorized service representative position for another job within the CEBO division of General Electric. Seeling remained in that position until October or November 1985.[1] When McGinnis heard the CEBO division

---

1. It is disputed whether Seeling's job was actually titled that of a customer care clerk. Part of General Electric's justification for ultimately choosing Seeling over McGinnis was Seeling's more recent customer care clerk experience. General Electric, in its memorandum of support for summary judgment, even admits "[a]ll customer care clerk-type positions in CEBO were phased out after CEBO was spun-off." Defendant's Memorandum in Support of Summary Judgment, at 5. This division was formed early in 1985.

was to be purchased by another company, she, along with several other people including Seeling, self-nominated for the customer care clerk position with the MABG. Seeling had never worked for the MABG division.

The candidates for that position were interviewed by both Jacqueline Hvizdos ("Hvizdos") (now Wolf) and Don Meyer ("Meyer"). Meyer and Hvizdos filled out applicant evaluations rating each candidate on such things as communication skills, experience, career goals, and education and training among other things. Hvizdos rated McGinnis as her number one candidate, while Meyer rated Seeling as his number one candidate. After consultation and seeking input from managers who knew the two candidates, Hvizdos and Meyer chose Seeling, then 21 years of age, for the customer care clerk position over McGinnis, then 50 years of age.

On August 10, 1987, McGinnis filed a charge with the EEOC stating she believed she had been discriminated against based upon her age. After investigating the claim, the EEOC filed the present action in November 1989.

In support of its motion for summary judgment, General Electric argues that the EEOC has no evidence that its decision to hire Seeling over McGinnis was motivated by age discrimination. It further argues that even McGinnis has stated she has no reason to believe either Meyer or Hvizdos discriminated against her based upon her age.[2]

It is well settled that "[t]he allocation, burden and order of proof in Title VII and ADEA cases are nearly identical." *Schloesser v. Kansas Dept. of Health and Env.*, 766 F.Supp. 984, 991 (D.Kan.1991). The plaintiff must first establish a *prima facie* case, showing: (1) McGinnis was a member of a protected class; (2) that she was qualified for the position of customer care clerk; (3) that she was not hired for the job; and (4) that McGinnis was passed

over for the job in favor of someone younger. *See Furr v. AT & T Technologies, Inc.*, 824 F.2d 1537, 1542 (10th Cir.1987).

■ It is undisputed that McGinnis was over 40 years of age and, therefore, a member of the protected class. General Electric does not dispute McGinnis was qualified for the position of customer care clerk, only contending that Seeling was more qualified for the job. McGinnis was not hired, and was passed over for the job in favor of Seeling, who was younger. The court finds the EEOC has established a *prima facie* case.

■ The burden then shifts to the defendant, General Electric, to articulate a legitimate nondiscriminatory reason for the decision to hire Seeling rather than McGinnis. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 254, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981). General Electric meets its burden by discussing a number of reasons why it believed Seeling to be the more qualified candidate. It believed Seeling had more recent relevant experience as a customer care clerk, which was important because the job responsibilities had changed subsequent to the time McGinnis had held the position. Seeling was a quick learner, had a desire to perform, was more assertive than McGinnis, and had superior communication skills. General Electric further argued it had relied upon appropriate criteria in assessing the relative strengths and weaknesses of the two candidates.

■ In addition to the criteria for selection of Seeling, General Electric also notes that statistical evidence shows Meyer had a consistent history of hiring or approving for transfer people who were in the protected age category. Thus, General Electric contends it is unlikely Don Meyer was discriminating on the basis of age in this case. While this evidence might be relevant to the factfinder when determining

---

**2.** Although McGinnis stated she had no *reason* to believe the two discriminated against her based upon age, the court finds this is not determinative of the case. McGinnis went on to say that she was the most qualified for the job and

believed the company had discriminated. The lack of direct proof of discrimination is not fatal because the burden may be met through indirect proof. *Lucas v. Dover Corp., Norris Div.*, 857 F.2d 1397, 1401 (10th Cir.1988).

General Electric's motivation and intent in not hiring McGinnis, a history of hiring individuals in a protected category will not insulate General Electric from specific acts of discrimination. *See Furnco Construction Corp. v. Waters*, 438 U.S. 567, 579–80, 98 S.Ct. 2943, 2951, 57 L.Ed.2d 957 (1978).

█ The court finds General Electric has articulated legitimate business reasons for the selection of Seeling over McGinnis. Genuine issues of material fact remain, however, as to whether the company's reasons are merely a pretext for age discrimination. The plaintiff retains the ultimate burden and must show either directly that age was a determining factor in the hiring decision or indirectly that the employer's proffered explanation is pretextual. *Furr*, 824 F.2d at 1542.

Viewing the record before the court in the light most favorable to the plaintiff, material fact questions remain. Seeling's more recent experience as a customer care clerk was prominently cited by General Electric personnel as a factor favoring Seeling over McGinnis. There is a question, however, whether Seeling ever was a customer care clerk.

█ Further, it is for the factfinder to discern the motivation and intent of General Electric personnel when assessing whether the company's reasons for hiring Seeling over McGinnis are pretextual. Meyer rated Seeling higher in the area of career goals, which he stated meant that she had more potential to advance in the company than did McGinnis. Potential is often coextensive with age. "While potential is analytically separable from age under certain circumstances, the two usually are intertwined in sufficiently complicated ways to make resolution by summary judgment inherently inappropriate." *Pirone v. Home Ins. Co.*, 507 F.Supp. 1281, 1289 (S.D.N.Y.1981). The use of a subjective determination for potential could be deemed pretextual by the factfinder.

Finally, many contentions are set forth by both parties as to each candidate's qualifications and the corresponding ratings on the initial applicant evaluation forms and the final evaluation. The inferences aris-ing from such evidence go to the motivation and intent of the employer.

IT IS BY THE COURT THEREFORE ORDERED that defendant General Electric's motion for summary judgment is denied (Doc. 60).