### Chet A. HURD, Plaintiff,

v.

### PITTSBURG STATE UNIVERSITY, Defendant.

No. 92–2253–JWL.

United States District Court, D. Kansas.

March 2, 1993.

Mark A. Buchanan, The Popham Law Firm, Kansas City, MO, for plaintiff.

Mark S. Braun, Carl A. Gallagher, Office of the Atty. Gen., Topeka, KS, for defendant.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

### I. Introduction

This matter comes before the court on Defendant Pittsburg State University's motion to dismiss (Doc. # 18). For the reasons set forth below, the motion is granted in part and denied in part.

Plaintiff Chet A. Hurd alleges that Defendant Pittsburg State University discriminatorily discharged him in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. and in breach of an implied employment contract.

The only issue in contention for this motion to dismiss is whether Pittsburg State University ("PSU"), as an agency of the state of Kansas, is entitled to Eleventh Amendment immunity from suit in Federal Court. Both parties agree that 1) PSU is an agency of the state of Kansas pursuant to K.S.A. § 76–711(a) and 2) Mr. Hurd's state law claim against PSU for breach of an implied contract of employment is subject to Eleventh Amendment immunity. See Pennhurst State School & Hosp. v. Halderman (Pennhurst II), 465 U.S. 89, 119–20, 104 S.Ct. 900, 918, 79 L.Ed.2d 67 (1984). Therefore, the state law claim will be dismissed.[1] For the reasons set forth below, the court finds that Mr. Hurd's claims against PSU under the ADEA are not subject to Eleventh Amendment Immunity.

---

1. Because the Eleventh Amendment only applies to suits in Federal Courts, this dismissal does not affect Mr. Hurd's right to bring this contract claim in a state court.

*II. Discussion*

A court may not dismiss a cause of action for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The pleadings are liberally construed, and all reasonable inferences are viewed in favor of the plaintiff. Fed.R.Civ.P. 8(a); *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson,* 750 F.2d at 813. The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

PSU, as a state agency, contends that the Eleventh Amendment prohibits plaintiff Hurd from bringing suit against it under the ADEA in federal court. This court finds that Mr. Hurd's ADEA claim is not barred by application of the Eleventh Amendment. The Eleventh Amendment bars private suits in Federal courts against the states and state agencies "seeking to impose liability which must be paid from public funds in the treasury." *Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 1356, 39 L.Ed.2d 662 (1974). However, Eleventh Amendment immunity may be abrogated where Congress indicates an "unequivocal expression of congressional intent" to do so and authorizes such suits pursuant to section five of the Fourteenth Amendment. *Pennhurst II,* 465 U.S. at 99, 104 S.Ct. at 907; *Fitzpatrick v. Bitzer,* 427 U.S. 445, 456, 96 S.Ct. 2666, 2671, 49 L.Ed.2d 614 (1976). Thus, the questions here are whether the ADEA was enacted pursuant to section five of the Fourteenth Amendment and, if so, whether Congress intended that the ADEA abrogate Eleventh Amendment sovereign immunity.

Both the Supreme Court and the Tenth Circuit have declined to rule on whether the ADEA was enacted pursuant to section five of the Fourteenth Amendment. *See EEOC v. Wyoming,* 460 U.S. 226, 243, 103 S.Ct. 1054, 1064, 75 L.Ed.2d 18 (1983) (because the Court found that the ADEA was a "valid exercise of Congress' powers under the Commerce Clause," it did not reach the issue whether the ADEA could also have been validly enacted pursuant to section five of the Fourteenth Amendment); *EEOC v. Wyoming Retirement System,* 771 F.2d 1425, 1428 (10th Cir.1985). This court, however, concludes that the ADEA, as amended in 1974, was enacted pursuant to Congress' powers under section five of the Fourteenth Amendment.

The 1974 amendment extended the protection of the ADEA from merely applying to private sector employees to also including federal, state, and local government employees. Fair Labor Standards Amendments of 1974, Pub.L. No. 93–259, § 28, 88 Stat. 74 (amending 29 U.S.C. § 630). The legislative history, though not explicit, indicates "a congressional purpose to prevent arbitrary age discrimination within the protected age group by extending the coverage of the Act to state and local governments." *E.E.O.C. v. Elrod,* 674 F.2d 601, 605 (7th Cir.1982). That prohibition, as the *Elrod* court notes, "is the very essence of the guarantee of 'equal protection of the laws' of the Fourteenth Amendment." *Id.* at 604. Congress does not have to recite the words "Section 5", "Fourteenth Amendment", or "Equal Protection" in order for a statute to be based on it. *E.E.O.C. v. Wyoming,* 460 U.S. 226, 103 S.Ct. 1054, 75 L.Ed.2d 18 (1983). Thus, the legislative purpose is of primary interest here in determining intent to invoke Fourteenth Amendment authority.

The Seventh Circuit has evaluated the purposes and legislative history of the 1974 amendment in some detail and has determined that it was enacted under the authority of section 5 of the Fourteenth Amendment. *Elrod,* 674 F.2d at 603–10. This court agrees with its reasoning. Moreover, virtually all of the reported decisions from courts which have answered the question have likewise found that the ADEA and its amendment were enacted pursuant to the Fourteenth Amendment. *See, e.g., Bell v. Purdue University,* 975 F.2d 422, 425 n. 5

(7th Cir.1992); *Ramirez v. Puerto Rico Fire Service,* 715 F.2d 694, 700 (1st Cir.1983); *Arritt v. Grisell,* 567 F.2d 1267, 1271 (4th Cir.1977); *Schloesser v. Kansas Dept. of Health & Envt.,* 766 F.Supp. 984, 990 (D.Kan.1991) (Van Bebber, J.); *Swanson v. Dept. of Health,* 773 F.Supp. 255, 258 (D.Colo.1991). But see, *Black v. Goodman,* 736 F.Supp. 1042, 1045 (D.Mont.1990).

■ The answer to the second question is also in the affirmative. Congress has abrogated Eleventh Amendment immunity to the states in the ADEA. The ADEA defines "employer" (the class of potential defendants in age discrimination cases) to include "a State or political subdivision of a State or any agency or instrumentality of a State." 29 U.S.C. § 630(b)(2). An "employer" who violates the ADEA is liable for legal and equitable relief. 29 U.S.C. § 626(b) and (c). Congress does not need to explicitly state that it intended to abrogate the states' Eleventh Amendment immunity in order for the court to find that such intent was present. *See, Fullilove v. Klutznick,* 448 U.S. 448, 476–78, 100 S.Ct. 2758, 2773–74, 65 L.Ed.2d 902 (1980). However, "[i]f the Congress intends to alter the usual constitutional balance between the States and the Federal Government, it must make its intention to do so unmistakably clear in the language of the statute." *Gregory v. Ashcroft,* 501 U.S. ——, ——, 111 S.Ct. 2395, 2401, 115 L.Ed.2d 410, 424 (1991). Congress has made its intention to abrogate the states' Eleventh Amendment immunity crystal clear by providing that states which violate the ADEA are liable for legal and equitable relief. *See Davidson v. Board of Governors of State Colleges & Universities,* 920 F.2d 441, 443 (7th Cir.1990). This court believes that the ADEA's express authorization for the maintenance of suits against state employers adequately demonstrates congressional intent that the states' Eleventh Amendment immunity be abrogated in suits under the ADEA.

The defendant argues that its position is bolstered by a Supreme Court case holding that the Fair Labor Standards Act (FLSA) did not show congressional intent to abrogate Eleventh Amendment immunity to suit in a federal forum. *See, Employees v. Missouri Department of Public Health & Welfare,* 411 U.S. 279, 285, 93 S.Ct. 1614, 1618, 36 L.Ed.2d 251 (1973). This court does not agree. It is correct that certain language of the FLSA construed in *Employees* is identical to the jurisdictional language in the ADEA. The FLSA authorizes suits "in any court of competent jurisdiction" against state owned hospitals, mental health institutions, and schools for unpaid minimum wages or unpaid overtime compensation. 29 U.S.C. § 216(b). The Court held in *Employees* that this language did not give sufficient indication of Congress' intent to abrogate states' immunity from suit in federal courts. Therefore, such intent was not found.

■ Even though ADEA actions may also be brought "in any court of competent jurisdiction," 29 U.S.C. § 626(c), *Employees* is distinguishable from the present case because the FLSA was enacted only pursuant to the Commerce Clause, *Id.* at 282, 93 S.Ct. at 1617, while the ADEA was enacted, as discussed above, pursuant to section 5 of the Fourteenth Amendment as well. A statute enacted under the Equal Protection clause may abrogate Eleventh Amendment immunity if Congress also expresses its intent to abrogate the states' immunity. *Pennhurst II,* 465 U.S. at 99, 104 S.Ct. at 907. However, the Court is very reluctant to infer Congress' intent to override the Eleventh Amendment when Congress is legislating pursuant to the Commerce Clause. *Employees,* 411 U.S. at 285, 93 S.Ct. at 1618.

Also, the version of the FLSA under consideration in *Employees* defined "employers" to exclude "any State or political subdivision of a State" except for state owned hospitals, institutions, and schools. 29 U.S.C.S. § 203 notes on 1974 amendment (1975). This hesitancy to sue the states is not present in the ADEA, as amended. The ADEA authorizes suits against "a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State." 29 U.S.C. § 630(b). Therefore, this court finds that the *Employees* case is not controlling on the issue of whether the ADEA shows a Congressional intent to abrogate the states' Eleventh Amendment rights.

*III. Conclusion*

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Pittsburg State University's motion to dismiss (Doc. # 18) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Defendant Pittsburg State University's motion to dismiss relating to the Plaintiff's age discrimination claim under the ADEA is denied.

**IT IS FURTHER ORDERED** that Plaintiff's claim against Defendant Pittsburg State University for breach of an implied contract of employment is dismissed.

**IT IS SO ORDERED.**