**Chet A. HURD, Plaintiff–Appellee,**

v.

**PITTSBURG STATE UNIVERSITY, Defendant–Appellant,**

**and**

**William Mark Simmons, Defendant,**

**U.S. Equal Employment Opportunity Commission, Amicus Curiae.**

No. 93–3082.

United States Court of Appeals, Tenth Circuit.

July 12, 1994

Carl A. Gallagher, Asst. Atty. Gen. (Robert T. Stephan, Atty. Gen., with him on the briefs), Topeka, KS, for defendant-appellant.

Mark A. Buchanan, The Popham Law Firm, P.C., Kansas City, MO, for plaintiff-appellee.

Paul D. Ramshaw, Attorney (Donald R. Livingston, Gen. Counsel, Gwendolyn Young Reams, Assoc. Gen. Counsel, and Vincent J. Blackwood, Asst. Gen. Counsel, with him on the brief), U.S. E.E.O. Com., Washington, DC, amicus curiae.

Before LOGAN and McKAY, Circuit Judges, and SAM,* District Judge.

McKAY, Circuit Judge.

The issue in this case is whether lawsuits under the Age Discrimination Employment

---

* Honorable David Sam, United States District Judge for the District of Utah, sitting by designa-

tion.

Act ("ADEA") brought by private litigants against the state in federal court are barred by Eleventh Amendment immunity. In a thorough and well-reasoned opinion published at 821 F.Supp. 1410 (D.Kan.1993), the district court held that Congress intended to abrogate states' Eleventh Amendment immunity when it passed the ADEA. The only additions we can make to the district court's opinion are the citations for two more cases that support its holding. Specifically, in addition to the cases cited by the district court, both the Seventh Circuit, *see Heiar v. Crawford County, Wis.*, 746 F.2d 1190 (1984), *cert. denied*, 472 U.S. 1027, 105 S.Ct. 3500, 87 L.Ed.2d 631 (1985), and the First Circuit, *see Ramirez v. Puerto Rico Fire Serv.*, 715 F.2d 694 (1st Cir.1983), have held that Congress intended to abrogate states' Eleventh Amendment immunity when it passed the ADEA. Accordingly, we affirm for substantially the same reasons given by the district court.

AFFIRMED.